FRANCIS M. STEVENS, ET AL. v. W. W. SNOWDEN.

[Abstract Kentucky Law Reporter, Vol. 7—744.]

**Trading with a Lunatic.**

 A lunatic or person of weak mind who has been imposed upon by the artful and shrewd business man in the sale or purchase of property will always be protected by a court of equity; still, if the purchase is made in good faith and a fair and full consideration paid, the transaction will not be disturbed.

## APPEAL FROM CLARK CIRCUIT COURT.

April 10, 1886.

OPINION BY JUDGE PRYOR:

While the preponderance of the testimony in this case conduces to establish a want of mental capacity in the grantor to execute the conveyance in controversy, yet there is proof, coming from those who were familiar with the mental condition of the grantor for years, tending to show that she was competent to manage her business affairs. While courts of equity will always, where a lunatic or person of weak intellect has been imposed on by the artful and shrewd business man in the purchase or sale of property, delight in affording relief or canceling all unconscientious bargains, still if the purchase is made in good faith, and a fair or full consideration paid, there seems to be no reason for disturbing the transaction either at the instance of the lunatic or that of her heirs or next of kin. In this case the grantor seems to have had an agent to manage her affairs shortly after this trade was made, and still if the purchase is made in good faith, and a fair and full control her estate; and these parties, fully cognizant of the transaction between the appellee and the grantor, failed to interfere with either contract for the reason, doubtless, that no good result could be accomplished if both contracts had been disregarded. The reconveyance or sale back to the grantor, Mrs. Stuart, of one hundred ten acres of the land gave to her all the improvements; and if the contract as to the balance were to be rescinded, crediting the appellee for boarding and taking care of the grantor and charging him with rent, and then making the appellants, who are her heirs, account for the moneys paid for their testatrix, it would take the entire land less the one hundred ten acres to repay it. Besides, the land sold for a great deal more than its original cost, and from the proof brought its full value. The capacity of the testator in this case to make the contract is involved in doubt, and when the consideration passing to her is ample, and her agents and committees sanctioned or approved the trade, we see no reason for the interference of the chancellor. The judgment is therefore affirmed. *Jones' Admr. v. Perkins,* 5 B. Mon. (Ky.) 222; *Hunt v. Weir,* 4 Dana (Ky.) 347.

*I. H. Jones, for appellants.*
*W. M. Beckner, for appellee.*
[Cited, *Smith's Committee v. Forsythe,* 28 Ky. L. 1035, 90 S. W. 1075.]